UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LILIAN DE DIOS** | * | **CASE NO.** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| 1st **LAKE PROPERTIES, INC. aka FIRST** | * | |
| **LAKE PROPERTIES, INC. d/b/a MILLSTREAM** | * | |
| **APARTMENTS, THE DUGGINS LAW FIRM,** | * | |
| **A PROFESSIONAL LAW CORPORATION,** | * | **MAGISTRATE:** |
| **and DAVID PARKES** | * | |
| * * * * * * * * | * * * * * | |

## COMPLAINT

**NOW** comes the Plaintiff, Lillian DeDios, and for her complaint against the defendants, **1st LAKE PROPERTIES, INC. aka FIRST LAKE PROPERTIES, INC. d/b/a MILLSTREAM APARTMENTS ("FIRST LAKE PROPERTIES"), THE DUGGINS LAW FIRM, A PROFESSIONAL LAW CORPORATION ("DUGGINS LAW FIRM"), and DAVID PARKES,** who alleges as follows:

1.

The following entities are made defendants to this matter:

(a)  **1ST LAKE PROPERTIES, INC. aka FIRST LAKE PROPERTIES, INC. d/b/a MILLSTREAM APARTMENTS ("First Lake Properties"):** A Louisiana Corporation domiciled in the Parish of Jefferson, State of Louisiana;

1

(b) **THE DUGGINS LAW FIRM, A PROFESSIONAL LAW CORPORATION ("DUGGINS LAW FIRM"):** A Louisiana Corporation domiciled in the Parish of Orleans, State of Louisiana; and

(c) **DAVID PARKES,** upon information and belief, a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana.

2.

This Complaint is filed and these proceedings are instituted under the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices. The plaintiff files this Complaint to recover actual damages, statutory damages, reasonable attorney fees, and costs by reason of the defendants' violation of the Act.

3.

The Jurisdiction of this Honorable Court is invoked pursuant to § 813(d) of the Act, 15 U.S.C. § 1692k(d). Venue in this District is proper because defendants' collection demands were received by Ms. DeDios in Kenner, Jefferson Parish, Louisiana.

4.

The plaintiff, Lilian De Dios, is a natural person allegedly obligated to pay a debt, and thus, is a consumer within in the meaning of 15 U.S.C. § 1692a(3).

5.

During the month of July 2010, defendants began contacting plaintiff, Lilian De Dios, by mail concerning alleged debts, which had been assigned for collection purposes to defendant, the Duggins Law Firm, by defendant, First Lake Properties.

2

6.

On July 21, 2010, plaintiff's attorney, the undersigned counsel, forwarded by certified mail a written letter of representation to defendant, the Duggins Law Firm, informing them that the plaintiff, Lillian De Dios, had retained Mr. Cater and Cater & Associates, LLC to represent her regarding the matter of an alleged debt to First Lake Properties, Inc. A true and correct copy of that correspondence is attached to this Complaint and identified as "Exhibit A."

7.

Despite knowledge of representation by counsel, defendant, David Parkes, continued to communicate on behalf of the Duggins Law Firm and First Lake Properties with Ms. De Dios directly, by telephone and by mail, without the prior consent of either the plaintiff or her counsel. Defendants had full knowledge that Ms. De Dios was represented by an attorney with respect to the alleged debt, and had direct knowledge of her attorney's name and address.

8.

Defendant, David Parkes, engaged in conduct the natural consequence of which was to harass, oppress, or abuse the plaintiff, within the meaning of 15 § U.S.C. 1692d. This conduct was undertaken in the course and scope of Mr. Parkes's employment with defendant, the Duggins Law Firm and on behalf of the Duggins Law Firm and/or First Lake Properties.

9.

At the time of the harassment, plaintiff, Lilian De Dios, was pregnant, and was especially sensitive and vulnerable to mental distress and injury.

10.

Defendants, David Parkes and/or the Duggins Law Firm, continued to engage in conduct

the natural consequence of which was to harass, oppress, or abuse plaintiff within in the meaning of 15 § U.S.C. 1692d. The defendants' harassment of Ms. De Dios culminated in causing her such distress that she was admitted to the hospital for premature labor pains.

11.

In the course of their collection action, the defendants violated the provisions of the Act with respect to plaintiff in the following particulars:

    a. They communicated with the plaintiff directly even though defendants knew that the plaintiff was represented by an attorney, in violation of 15 § U.S.C. 1692c(a)(2).

    b. Defendants engaged in conduct, the natural consequence of which was to harass, oppress, or abuse plaintiff by the use of obscene or profane language or language the natural consequence of which was to abuse plaintiff, in violation of 15 § U.S.C. 1692d(2).

    c. Defendants engaged in conduct, the natural consequence of which was to harass, oppress, or abuse plaintiff by engaging the plaintiff in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number in violation of 15 § U.S.C. 1692d(5) following full knowledge that plaintiff was represented by counsel.

    d. Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt by the representation or implication that nonpayment of the debt would result in intentional attempts to embarrass the plaintiff.

12.

As a result of the defendants' harassment and abuse, defendants have intentionally inflicted mental distress upon plaintiff, Lilian De Dios.

**WHEREFORE**, plaintiff prays for judgment in her favor and against the defendants, 1st Lake Properties, Inc. aka First Lake Properties, Inc. d/b/a Millstream Apartments; the Duggins Law Firm, a Professional Law Corporation; and David Parkes in a sum sufficient to compensate

the petitioner, for actual damages of intentional infliction of mental distress, statutory damages pursuant to 15 U.S.C. § 1692k, reasonable attorney fees and court costs, and for any and all other general and equitable relief, and for all costs.

Respectfully submitted,

_____
R. Glenn Cater   Bar # 4048
CATER & ASSOCIATES, L.L.C.
124 S. Clark Street
New Orleans, Louisiana  70119
Telephone:  (504) 485-5888
Facsimile:  (504) 485-5958

**PLEASE SERVE:**
**1st Lake Properties, Inc. aka First Lake Properties, Inc. d/b/a Millstream Apartments**
*Through its registered agents for service of process:*
William Henry Shane, Jr. and/or Henry Mortimer Favrot, Jr.
3925 N. I-10 Service Rd. W. #105
Metairie, LA 70002

**The Duggins Law Firm, A Professional Law Corporation**
*Through its registered agent for service of process:*
David D. Duggins
1011 Julia Street
New Orleans, LA 70113

*and*

**David Parkes**
The Duggins Law Firm
1011 Julia Street
New Orleans, LA 70113